UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRI HALVACHS | CIVIL ACTION 3:15-cv-01208 |
| Plaintiff, | |
| v. | COMPLAINT |
| MEDICREDIT, INC., a Missouri Corporation | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, TERRI HALVACHS ("Halvachs"), by and through her attorneys, Sulaiman Law Group, Ltd. and Law Offices of Mueller & Haller LLC, complaining of the Defendant, MEDICREDIT, INC., a Missouri Corporation ("Medicredit"), as follows:

**NATURE OF THE ACTION**

1. Halvachs brings this action as a consumer to secure redress for unlawful collection practices engaged in by Medicredit. Halvachs alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA").

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Medicredit conducts business in the Southern District of Illinois and Medicredit's collection communications and practices impacted Halvachs within the Southern District of Illinois.

## PARTIES

4. Halvachs is natural person residing in Belleville, Illinois.

5. Halvachs is a "consumer" as defined under 15 U.S.C. §1692a(3).

6. At all times relevant to this action, Medicredit, Inc. was engaged as collection agency with its principal office located in Nashville, Tennessee.

7. Medicredit is a "debt collector" as defined under 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed to a third party.

8. At all times relevant to this complaint, Medicredit was collecting on a consumer debt as defined under 15 U.S.C. §1692 a(5).

## FACTS SUPPORTING CAUSES OF ACTION

9. On or about August 26, 2014, Halvachs's grandson received treatment ("subject debt") at St. Louis Children's Hospital.

10. On October 24, 2014, Halvachs filed a Chapter 13 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 14-31760, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

11. Halvachs listed St. Louis Children's Hospital as a creditor on her bankruptcy Schedule F. *See* Exhibit B, a true and accurate copy of Schedule F filed with Halvachs's Bankruptcy Petition.

12. Because Halvachs listed St. Louis Children's Hospital as a creditor, the Bankruptcy Noticing Center ("BNC") sent St. Louis Children's Hospital notice of the bankruptcy filing. *See* Exhibit C, a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing upon St. Louis Children's Hospital.

13. Halvachs's meeting of creditors was held on January 7, 2015.

14. A representative of St. Louis Children's Hospital did not attend the meeting of creditors.

15. Halvachs's Chapter 13 Plan was confirmed on January 29, 2015. *See* Exhibit D, a true and correct copy of the confirmation order.

16. St. Louis Children's Hospital submitted the subject debt to Medicredit for collections after Halvachs defaulted. St. Louis Children's Hospital took this action after it received notice of Halvach's bankruptcy.

17. On January 26, 2015, Medicredit sent Halvachs a statement in reference to the subject debt which stated:

> "This is to inform you that St. Louis Children's Hospital has placed your account with this agency with the full intention of collecting this account. Please give this past due account the attention it deserves...This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for this purpose."

*See* Exhibit E, a true and correct copy of Medicredit's January 26, 2015 payment demand sent to Halvachs.

18. Medicredit's letter included a payment coupon instructing Halvachs to detach the coupon and return it to Medicredit with a payment in the amount of $242.60. *Id.*

19. Medicredit's collection efforts occurred while it knew or should have known of Halvachs's bankruptcy filing and confirmed Chapter 13 Plan.

20. Halvachs was highly confused and upset by the demands for payment as she believed her bankruptcy filing prohibited such a payment demand.

21. Concerned about the violations of her rights and protections afforded by the United States Bankruptcy Code, Halvachs sought the assistance of counsel to ensure that Medicredit's collection efforts ceased.

22. Halvachs has expended time, incurring costs consulting with her attorneys as a result of Medicredit's deceptive collection actions.

23. Halvachs was unduly inconvenienced and harassed by Medicredit's unlawful attempt to collect the subject debt.

**COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Halvachs repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Medicredit violated 15 U.S.C. §§1692e(2), e(10), f, and f(1) through its debt collection efforts.

26. Medicredit violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not collectible at the time Medicredit demanded payment of the subject debt by virtue of the automatic stay.

27. Similarly, Medicredit violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demands as the subject debt was not collectible by virtue of the automatic stay.

28. Medicredit violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt because Medicredit was no longer able to collect the subject debt.

29. It was unfair and deceptive for Medicredit to attempt to collect the subject debt from Halvachs.

30. The underlying subject debt was scheduled in Halvachs's bankruptcy and was accounted for in her confirmed chapter 13 plan. Medicredit had no legal right to attempt to collect the subject debt from Halvachs.

31. Furthermore, Medicredit violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law. Halvachs's obligation to pay the subject debt was stayed by the automatic stay.

32. Medicredit has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

33. As pled above, Halvachs has suffered damages as a result of Medicredit's unlawful collection practices.

WHEREFORE, Plaintiff, TERRI HALVACHS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Halvachs statutory damages of $1,000 as prescribed by the FDCPA;

c. awarding damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. awarding Halvachs costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

e. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 30, 2015

Respectfully Submitted,

/s/ Penelope N. Bach
Penelope N. Bach - 6284659
Attorney for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188

James J. Haller -.6226796
William A. Mueller - #06187732
Attorneys for Plaintiff
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000